# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITAS THERAPEUTICS INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No.: _____<br>) |
| GLAXOSMITHKLINE BIOLOGICALS SA AND GLAXOSMITHKLINE LLC, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

In accordance with Federal Rule of Civil Procedure 5.2 and District of Delaware Local Rule 5.1.3, Plaintiff Acuitas Therapeutics Inc. ("Acuitas"), by and through its undersigned counsel, respectfully request permission to file the Complaint and corresponding exhibits in this action under seal. In support of this motion, Plaintiff states as follows:

1. Through this action, Acuitas seeks a declaratory judgment that the leading COVID-19 vaccine, sold under the name Comirnaty®, does not infringe U.S. Patent Nos. 11,638,693 (the "'693 Patent"), 11,638,694 (the "'694 Patent"), 11,666,534 (the "'534 Patent"), 11,766,401 (the "'401 Patent"), and 11,786,467 (the "'467 Patent") (collectively, the "Patents-in-Suit"). Acuitas also seeks a declaratory judgment finding each of the Patents-in-Suit is invalid.

2. This declaratory judgment action arises as a result of threats that Acuitas faces from Defendants GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC (collectively, "GSK" or "Defendants") as a result of their patent infringement lawsuit against Acuitas's customers and partners BioNTech and Pfizer for their sales of the COVID-19 vaccine Comirnaty®. *See GlaxoSmithKline Biologicals SA v. Pfizer, Inc.*, Case No. 1:24-cv-00512, D.I. 26, ¶ 8 (First Amended Complaint) (D. Del. Aug. 14, 2024).

3.     The Complaint itself and Exhibits F–H thereto contain confidential information regarding a confidential agreement between Acuitas and BioNTech, specifically an April 7, 2020 License Agreement between Acuitas Therapeutics, Inc. and BioNTech RNA Pharmaceuticals GmbH.

4.     The Complaint references and quotes portions of the agreement.  Exhibits F–G similarly reference and/or quote portions of the agreement.  Exhibit H is an unredacted copy of the April 7, 2020 License Agreement between Acuitas Therapeutics, Inc. and BioNTech RNA Pharmaceuticals GmbH, which has only been made public in a redacted form that does not include the language referenced in the Complaint and the accompanying exhibits.

5.     The Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994).  Although there is a presumption of public access, it may be overcome where the material sought to be protected is (1) "the kind of information that courts will protect," and (2) "disclosure will work a clearly defined and serious injury to the party seeking disclosure."  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).  The Court has found this presumption to be overcome in similar cases in the past.  *See, e.g. Charter Communications, Inc., et. al. v. Rockstar Consortium US LP et. al.*, C.A. No. 14-055-SLR, D.I. 1 (D. Del. Jan. 17, 2014) (filing under seal a Complaint requesting, in part, the Court to declare no patents were violated in order to retain indemnification rights); *AbbVie Inc. v. Gilead Scis., Inc.*, C.A. No. 14-379-GMS, D.I. 6 (D. Del. Mar. 25, 2014) (granting motion to seal a complaint that disclosed information subject to a contractual obligation); *Nanomotion, Ltd. v. Tamron Co. Ltd.*, C.A. No. 13-498-GMS, D.I. 7 (D. Del. Apr. 1, 2013) (same); *Lithero, LLC v. AstraZeneca Pharms. LP*, C.A. No. 19-2320-RGA, D.I. 5 (D. Del. Dec. 20, 2019) (same).

6.  Permitting Plaintiff to file its Complaint and corresponding exhibits under seal will preserve the status quo with respect to the parties' rights and obligations under the agreement and protect the confidentiality of the agreement's terms, including those terms containing sensitive non-public information, and protect confidential and sensitive business activities. These interests outweigh the presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

7.  In accordance with D. Del. LR 5.1.3 and the District of Delaware Administrative Procedures Governing Filing and Service of Electronic Means Section (G)(1), Plaintiff shall submit a redacted version of their Complaint and sealed exhibits within seven days of filing the Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order, in the form attached hereto, granting Plaintiff leave to file the Complaint and Exhibits F–H thereto under seal.

Dated: January 2, 2025      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ *Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Stephanie N. Vangellow (No. 7277)
Catherine E. Lynch (No. 7326)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
svangellow@ycst.com
clynch@ycst.com

OF COUNSEL:
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
Nicholas Groombridge (*pro hac vice forthcoming*)
Eric Alan Stone (*pro hac vice forthcoming*)
Josephine Young (*pro hac vice forthcoming*)
Allison C. Penfield (*pro hac vice forthcoming*)
Ariella Barel (pro hac vice forthcoming)
Nisha Gera (*pro hac vice forthcoming*)
Chih-Wei Wu (*pro hac vice forthcoming*)
565 Fifth Avenue, Suite 2900
New York, NY 10017
(332) 269-0030
nick.groombridge@groombridgewu.com
eric.stone@groombridgewu.com
josephine.young@groombridgewu.com
allison.penfield@groombridgewu.com
ariella.barel@groombridgewu.com
nisha.gera@groombridgewu.com
chihwei.wu@groombridgewu.com

Saurabh Gupta (*pro hac vice forthcoming*)
801 17th St NW, Suite 1050
Washington, DC 20006
(202) 505-5830
saurabh.gupta@groombridgewu.com

*Attorneys for Plaintiff Acuitas Therapeutics Inc.*